UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ELVIA BARRIOS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 06 C 2853 |
| | ) | |
| v. | ) | Honorable Charles R. Norgle |
| | ) | |
| SHERMAN HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Defendant Sherman Hospital's Motion to Dismiss Pursuant to Rule 12(b)(6) and Rule 12(b)(1). For the following reasons, the Motion is denied.

## I. BACKGROUND

### A. Facts

In her Complaint at Law, Plaintiff Elvia Barrios ("Barrios") alleges the following chain of events. On October 8, 2004, at approximately 7:00 p.m., Barrios arrived at the Emergency Department of the Sherman Hospital (the "Hospital") in Elgin, Illinois. Barrios alleges that she was pregnant at that time, and in active labor. Barrios requested examination and treatment for her condition from Hospital staff, but the Hospital allegedly refused to screen, examine, diagnose, or stabilize Barrios. Instead, Barrios alleges, she was directed to the waiting area. Barrios further alleges that she waited, in "extreme pain," for examination and treatment, while repeatedly renewing her requests for attention, until approximately 11:00 p.m. At approximately 11:00 p.m., Barrios alleges, she miscarried in the bathroom of the Emergency Department

1

waiting area. Barrios then alleges that she was discharged by the Hospital without treatment for the miscarriage, and "without [the Hospital] removing the balance of the products of conception." Compl., ¶ 16. Finally, Barrios alleges, she returned to the Hospital on October 10, 2004, where the "balance of the products of conception were removed." Id., ¶ 17.

## B. Procedural History

Barrios filed her Complaint at Law on May 22, 2006. In Count I of the Complaint, Barrios alleges that the Hospital violated the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, in failing to "examine, assess, screen, diagnose, stabilize, transfer and otherwise treat Plaintiff Barrios." Id., ¶ 21. In Count II of the Complaint, Barrios alleges intentional or negligent Infliction of Emotional Distress. The Hospital filed its Motion to Dismiss on June 21, 2006. Barrios filed her Response on July 28, 2006. The Hospital filed its Reply on August 11, 2006. The Motion is fully briefed and before the court.

## II. DISCUSSION

## A. Standard of Review

In deciding a Rule 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); see Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993) (the Federal Rules of Civil Procedure allow for a liberal system of notice pleading); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (a complaint must

only include "fair notice of what the plaintiff's claim is and the grounds upon which it rests"); Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002) ("A complaint need only state the nature of the claim, details can wait for later stages"). When reviewing a motion to dismiss under Rule 12(b)(6), the court therefore merely looks at the sufficiency of the complaint, Swierkiewicz, 534 U.S. at 508; Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001), it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chicago, 230 F.3d 319, 323-26 (7th Cir. 2000) (analyzing Leatherman, 507 U.S. 163, and reversing the Rule 12(b)(6) dismissal of claims based on §§ 1981 & 1983).

> [P]leadings in federal court need not allege facts corresponding to each element of a statute. It is enough to state a claim for relief - and Fed. R. Civ. P. 8 departs from the old code-pleading practice by enabling plaintiffs to dispense with the need to identify, and plead specifically to, each ingredient of a sound legal theory. . . Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of.

Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005).

Under Rule 12(b)(1), a federal court may dismiss a case if it determines that it lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by the court on its own initiative, at any stage in the litigation, even after trial and entry of judgment." Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1240 (2006).

**B. Defendant's Motion to Dismiss**

The Hospital makes three assertions in support of its Motion to Dismiss. First, the Hospital asserts that Barrios has failed to properly state a claim under EMTALA. Second, the Hospital argues that Barrios has failed to comply with section 2-622 of the Illinois Code of Civil

3

Procedure. Finally, the Hospital asserts that Barrios' state-law claim of Infliction of Emotional Distress should be dismissed for lack of jurisdiction.

The Hospital's second argument does not long detain the court. The Hospital asserts that the court should dismiss the entire Complaint because Barrios has failed to comply with the requirements of section 2-622 of the Illinois Code of Civil Procedure. That statute requires plaintiffs in medical malpractice cases to file affidavits declaring that the plaintiff or plaintiff's attorney has consulted a health care professional, and that this professional has determined that "there is a reasonable and meritorious cause for the filing of such action . . . ." 735 ILL. COMP. STAT. 5/2-622(a). Barrios, however, in Count I of her Complaint, alleges a violation of federal law (EMTALA). As to Count I of the Complaint, Barrios is therefore not required to comply with the requirements of section 2-622 of the Illinois Code of Civil Procedure.

> Rule 2-622, as a state procedural rule, is plainly inapplicable to plaintiffs' federal claim. Federal courts applying the requirements of Rule 2-622 have done so only in diversity cases. Rule 2-622 is applied in diversity cases because exempting malpractice suits arising under Illinois substantive law from the requirements of Illinois procedural law would encourage forum shopping.

Doe v. City of Chicago, 883 F. Supp. 1126, 1134 (N.D. Ill. 1994). As to Count II of the Complaint, the state-law Infliction of Emotional Distress Count, the court finds that since the damages Barrios seeks to recover were not caused by any alleged malpractice, but rather by alleged violations of EMTALA, section 2-622 of the Illinois Civil Procedure is again inapplicable. See Chadwick v. Al-Basha, 692 N.E.2d 390, 393 (Ill. App. Ct. 1998).

The Hospital's assertion that Barrios has not stated a claim under EMTALA is also meritless. EMTALA is part of the larger Consolidated Omnibus Budget Reconciliation Act of 1986. Deberry v. Sherman Hospital Ass'n, 741 F. Supp. 1302, 1303 (N.D. Ill. 1990). Congress

4

enacted EMTALA "to alleviate the problem of 'patient dumping.'" Id. at 1304. The term

"patient dumping" "refers to a hospital's refusal to treat an emergency patient, even though the

hospital is physically capable of doing so, simply because the patient may be unable to pay." Id.

EMTALA therefore requires that hospitals with emergency rooms (1) properly screen patients to

determine whether a genuine medical emergency exists, and, if the hospital determines that such

an emergency does exist, (2) the hospital must either stabilize the patient, or transfer the patient

to a facility capable of stabilizing and treating the patient.

> The EMTALA imposes two primary obligations on certain federally funded hospitals. First, when an individual seeks treatment from an emergency room, the hospital must provide for an 'appropriate medical screening examination . . . to determine whether or not an emergency medical condition . . . exists.' 42 U.S.C. § 1395dd(a). Second, if the hospital determines that an individual has an emergency medical condition, then the hospital must either 'stabilize' the medical condition or must arrange for the transfer of the individual to another medical facility. 42 U.S.C. § 1395dd(b)(1).

Thomas v. Christ Hospital and Medical Center, 328 F.3d 890, 893 (7th Cir. 2003); see also

Johnson v. University of Chicago Hospitals, 982 F.2d 230, 232-33 (7th Cir. 1992).[1]

> The statute defines an "emergency medical condition" as:

> a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in placing the health of the individual (or, with respect to a pregnant woman, the health of the woman or her unborn child) in serious jeopardy, serious impairment to bodily functions, or serious dysfunction of any bodily organ or part; or with respect to a pregnant woman who is having contractions, that there is inadequate time to effect a safe transfer to another hospital before delivery, or that transfer may pose a threat to the health or safety of the woman or the unborn child.

---

[1] The Hospital does not dispute that it falls under the requirements of EMTALA.

42 U.S.C. § 1395dd(e)(1). The statute defines "to stabilize" in the following manner:

> to provide such medical treatment of the condition as may be necessary to assure, within reasonable medical probability, that no material deterioration of the condition is likely to result from or occur during the transfer of the individual from a facility, or, with respect to [a pregnant woman who is having contractions], to deliver (including the placenta).

Id. at § 1395dd(e)(3)(A). The upshot of EMTALA's statutory language, and Seventh Circuit caselaw interpreting EMTALA, is that once a hospital determines that a patient has an emergency medical condition, the hospital must either stabilize the patient, or transfer the patient to a hospital that can do so. These hospitals therefore may not discharge such a patient until he or she has been stabilized. For the purposes of this case, it is important to emphasize that a pregnant woman has not been stabilized within the meaning of EMTALA until the hospital has delivered the child ("*including the placenta*"). 42 U.S.C. § 1395dd(e)(3)(B) (emphasis added).

In this case, there is no question as to whether Barrios has properly pled a cause of action under EMTALA. Barrios alleges that she presented to Hospital Emergency Department staff in active labor and extreme pain, that the Hospital failed to properly screen her in order to determine whether she was experiencing a medical emergency, that she then miscarried in the washroom facility at the Hospital Emergency Department, and that she was discharged prior to delivery of the placenta. Under the liberal notice-pleading standards in the federal courts, Barrios has clearly pled a cause of action under EMTALA. See Smith, 429 F.3d at 708 ("Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of."). Defendant's Motion to Dismiss Barrios' EMTALA claim is therefore denied.

Defendant also argues that if the court dismisses the EMTALA claim, there would be no independent basis for the court to exercise supplemental jurisdiction over the state-law Infliction of Emotional Distress claim. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). Defendant therefore asserts that the court ought to dismiss the state-law claim for lack of jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1). The court, however, construes this Motion as a motion to dismiss without prejudice, or, in other words, a motion to relinquish jurisdiction on the state-law claim, pursuant to 28 U.S.C. § 1367(c)(3). See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); Croplife Am., Inc. v. City of Madison, 432 F.3d 732, 733-34 (7th Cir. 2005) ("Ordinarily the district court would relinquish jurisdiction over supplemental state-law claims when as in this case all federal claims . . . were dismissed before trial.) (citing 28 U.S.C. § 1367(c)(3)).

At any rate, because the court has declined to dismiss Plaintiff's EMTALA claim, Defendant's Motion to Dismiss the state-law claim for lack of jurisdiction is denied. The court also notes that Plaintiff has properly pled a cause of action for intentional infliction of emotional distress under Illinois law. Although Barrios is not required to plead facts to match every element of this claim, see Smith, 429 F.3d at 708, the court finds that she has done so. In Illinois, the elements required to properly plead a cause of action for intentional infliction of emotional distress are as follows:

'First, the conduct involved must be truly extreme and outrageous. Second, the actor must either *intend* that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress. Third, the conduct must in fact cause *severe* emotional distress.'

Feltmeier v. Feltmeier, 798 N.E.2d 75, 80 (Ill. 2003) (quoting McGrath v. Fahey, 533 N.E.2d 806 (Ill. 1988)). Here, Barrios asserts that (1) she arrived at the Hospital in active labor and extreme pain, (2) she requested treatment from the Hospital staff, (3) the Hospital staff ignored her distress until she was forced to miscarry in the Emergency Department washroom, (4) the Hospital then discharged her without delivering her placenta, (5) the Hospital knew or should have known that their actions would cause her severe emotional distress, and (6) the Hospital's actions in fact caused her severe emotional and physical distress. There is thus no question as to whether Barrios has successfully pled a cause of action for intentional infliction of emotional distress under Illinois law. Defendant's Motion to Dismiss for lack of jurisdiction is therefore denied.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is denied. IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: December 15, 2006

8